In the Matter of the Estate of HELEN M. HAINES, Deceased.

Surrogate's Court, Erie County, March 24, 1931.

*Kent, Means & Benzinger* [*William H. Means* of counsel], for the petitioner.

*Harvey D. Blakeslee* [*Carlton E. Ladd* and *Arthur J. Adler* of counsel], for the contestants.

HART, S. Helen M. Haines died a resident of the city of Buffalo on the 1st day of February, 1915, leaving a last will and testament which was admitted to probate by this court on October 14, 1915, and letters testamentary thereunder issued to Frederick P. Armstrong, the executor therein named.

Among the assets of said estate was a certain tract of land, having a frontage of 100 feet on Erie street, near River street, and also a frontage of 100 feet on the Coit Slip, adjoining property owned by the Whitney-Noyes Company. Both of these parcels of land were covered by a blanket mortgage amounting to the sum of $70,000 and bearing interest at five per cent per annum.

Formerly this decedent owned an undivided one-third interest in both of said tracts of land as cotenant with other parties, and by various quitclaim deeds executed in the lifetime of the decedent the portion known in this proceeding as the Haines property was deeded to her in fee simple, and the portion known as the Whitney-Noyes property was deeded to the Whitney-Noyes Company in fee simple, both of said parcels being still subject to the lien of said mortgage of $70,000, and no definite adjustment being made between the parties as to their liability under said mortgage.

Later an option on both of said parcels was given, under which it was agreed that the Haines parcel would bear twenty-five-seventieths of said mortgage and the Whitney-Noyes parcel forty-five-seventieths, and in case said option was exercised the Haines piece was to be sold for $50,000 and the Whitney-Noyes parcel for $80,000.

The executor filed his account herein on January 17, 1928, and objections were made to said account by various legatees named in said will, and particularly to the sale price of said tract of land, as alleged by said executor to be $30,000, claiming that the value of said tract was far in excess of said amount.

It appears that the said Frederick P. Armstrong was the chief owner and in absolute control of the Whitney-Noyes Company, and *that on the same day he gave a written option as executor* of the estate of Helen M. Haines to sell the Haines tract for $30,000 he gave an option to sell the Whitney-Noyes tract for $103,000, both options being to the same purchaser, and charged up against the sale price of the Haines tract twenty-five-seventieths of said mortgage of $70,000 and its interest.

The testimony of reliable real estate experts shows that the comparative value of the two tracts is, for the Whitney-Noyes tract $84,630, and for the Haines tract $48,370, and I am constrained to accept this value of $48,370 as the fair sale value of the Haines tract on the date said option was given.

I am of the opinion that said executor in the sale of these premises did not act with *the absolute and most perfect good faith*, which is required of all persons acting in a trust capacity, and that he was more interested in getting a large price for the tract owned by the Whitney-Noyes Company than in getting a fair and honest price for the tract owned by this estate.

I, therefore, find that said executor's account should be surcharged with the fair sale price of the Haines tract at the sum of $48,370, subject to twenty-five-seventieths of said blanket mortgage and its accrued interest at five per cent per annum as of the date of said sale, and that said account also be surcharged with any amount of interest on any balance of money remaining in his hands from year to year after payment of interest and carrying charges of said property, and that commissions be denied, and that said executor be denied the right to the legacy of $5,000 provided in paragraph " 3 " of said will in lieu of commissions, said legacy being contingent " *on his fully discharging his duties as executor in all respects*," and that any balance thus found to be in the hands of said executor may be distributed to the other legatees named in said will according to their legacies.

A decree may enter accordingly.